JAMES L. KELSALL, Plaintiff

v.

MRS. ANNA EMBERGER, also known as ANA AKERS, also known as ANNA HAHN, and all unknown persons claiming adverse interests, Defendants

No. 9-1952

High Court of American Samoa

Civil Jurisdiction, Trial Division

August 14, 1952

ARTHUR A. MORROW, *Chief Justice;* M. TIUMALU, *District Judge;* and MALEPEAI, *District Judge.*

FINDINGS OF FACT AND DECREE

Now on this 14th day of August 1952, this cause comes on for hearing, the plaintiff appearing in person, and the Court after an inspection of the record finds that due and legal service of notice of the pendency of this cause has been made upon the above defendants and that the Court has jurisdiction, and that said defendants having failed to

41

appear did make default, and it is therefore ordered by the Court that said defendants be adjudged in default.

And the cause coming on for proof and decree, upon consideration of the pleadings and evidence introduced, and the Court being fully advised in the premises, finds that Satala, the property, hereinafter described was purchased in 1920 by the plaintiff, James L. Kelsall, from Noma for $300.00 paid by said plaintiff; that title to said land was taken in the name of Savaliga Kelsall, then wife of said plaintiff; and that said land was registered in the name of Savaliga Kelsall in Volume I Register of Native Titles at pages 161 and 162; that said plaintiff as a result of the payment of the purchase price of $300.00 became the equitable and beneficial owner of said land and that he went into actual possession thereof about 1920; that he has been in actual possession thereof, either personally or through his tenant, ever since 1920; that said Savaliga Kelsall died in 1931 and that said plaintiff has been in adverse possession of said land Satala ever since said Savaliga Kelsall's death in 1931, i.e. for more than twenty years; that said plaintiff has three fourths Samoan blood in his veins; that said plaintiff leased said land Satala to Vincent Scanlan about 1947; that there is a dwelling house on said land Satala occupied by one George Curry; that said dwelling house is not the property of the plaintiff and that it is personal property and not real property.

It is ADJUDGED and DECREED that the plaintiff James L. Kelsall was, at the time of the commencement of this cause, and now is, the owner in fee simple absolute of the land Satala hereinafter described, subject to his aforesaid lease thereof to Vincent Scanlan, and his right and interest in said premises as such owner in fee simple, subject to said lease, is hereby declared and established.

It is further ADJUDGED and DECREED that the above defendants, and all persons claiming under them

subsequent to the publication of the notice of the pendency of this cause on May 24, 1952, be and they are hereby, forever barred from any and all claim of right or title to said premises or lien thereon, or any part thereof.

The following is a description of the land Satala affected by this decree:

All that piece or parcel of land situated on the northern side of U.S.G.L. and or the northern shore of Pagopago harbor and known as "SATALA" commencing at a point 107.7 feet along the northern boundary line and west of the N.E. corner monument of said Gov. Land, proceed thence and continuing along same boundary 167.6′ bearing S. 77°22′ W to a stake, thence 118′ bearing N 7°43′ E. to center of a breadfruit tree, thence 155′ bearing N 87° E. to a Soga tree, thence 89′ bearing S 4°17′ W. back to starting point.

Costs in the sum of $15.00 are hereby assessed against said James L. Kelsall, the same to be paid within 30 days from August 14, 1952.